*173 OPINION OF THE COURT
Arlene P. Bluth, J.
The above-captioned three cases were consolidated for trial before this court on June 5, 2006. On that date, counsel for both parties stipulated to the facts set forth below, taking the joint position that what remained were issues of law. On June 12, 2006, counsel for both parties submitted briefs on the following issues: (1) May a physical therapist use a billing code found in the medicine fee schedule where such services do not appear in the physical medicine fee schedule? and (2) May a physical therapist bill for range of motion and muscle testing when an evaluation and management are billed for on the same day? After considering the parties’ stipulations and briefs, the court makes the following findings.
Findings of Fact
The three cases before this court on stipulated facts all involve claims for first-party no-fault benefits for physical therapy services rendered to plaintiff’s assignors. Defendant paid some claims and denied others, and plaintiff sued to recover the unpaid amounts. Except as noted, in all three cases the parties stipulated to plaintiff’s prima facie case and to defendant’s timely denial of the bills in question.
For the claims brought under index number 46885/05, the parties stipulated that as to the bills for assignor David Cardoza, plaintiff is entitled to judgment in the amount of $317.84 plus statutory interest, costs, and attorney’s fees. The balance of those bills, totaling $651.04, remains in dispute and were denied based on denial code 129: “This procedure is not listed in the NY state [sic] fee schedule for this provider specialty. If reported with an evaluation and management service, this procedure is inclusive.” As to the bills for assignor Ayodele Sunmola, the parties stipulated that plaintiff is entitled to judgment in the amount of $476.76 plus statutory interest, costs, and attorney’s fees. The balance of those bills, totaling $976.56, remains in dispute and were denied based on the same denial code, 129.
For the claims brought under index number 47943/05, the parties stipulated that as to the bills for assignor Avis Brown, plaintiff is entitled to judgment in the amount of $158.92, plus statutory interest, costs, and attorney’s fees. The balance of the charges, totaling $325.52 ($166.60 + $158.92), were denied under denial code 129 and remain in dispute. As to the bills for *174 assignor Tamara Reynolds, the parties stipulated that a partial payment of $45 was made, leaving a balance of $577.84. The latter charges were denied on the basis that range of motion and muscle testing cannot be billed separately from evaluation and management, and that portion of the bill remains in dispute. As to the bills for assignor Issa Vincent, the parties stipulated that plaintiff is entitled to judgment in the amount of $643.36 (portion of the bill for March 30, 2004 in the amount of $158.92 and the entire bill for April 21, 2004 for $484.44) plus statutory interest, costs and attorney’s fees. The balance of $325.52 was denied based upon denial code 129 and remains in dispute.
Finally, for the claims brought under index number 47945/05, the parties stipulated that as to the bills for assignor Orlando Simpson, plaintiff is entitled to judgment in the amount of $158.92, plus statutory interest, costs, and attorney’s fees. The balance of $325.52 was denied based upon denial code 129 and remains in dispute. As to the bill for assignor Pierre Durisile, defendant agreed to furnish plaintiffs counsel with proof that the claimed amount of $495 was paid, and that plaintiff is entitled to judgment in full but will not collect on that bill if defendant produces a cancelled check within 45 days of the date of the stipulation. As to the bills for assignor Rhonda Moore, the parties stipulated that a partial payment of $83.32 was made, leaving a balance of $539.52. Defendant denied those charges on the basis that range of motion and muscle testing cannot be billed separately from evaluation and management, and that portion of the bill remains in dispute.
Conclusions of Law
The workers’ compensation fee schedules were adopted by the Superintendent of Insurance for use by those making and processing claims for no-fault benefits. These are contained in a volume entitled Official New York Workers’ Compensation Medical Fee Schedule. The medical fee schedule consists of seven sections: evaluation and management, anesthesia, surgery, radiology, pathology and laboratory, medicine, and physical medicine. In addition to the medical fee schedule, the book contains separate schedules appended for psychology, chiropractic, and podiatry. Each service or procedure has a CPT (current procedural terminology) code, and the codes in each section fall in consecutive numerical ranges. At the center of this dispute are the physical medicine and medicine sections of the medical fee schedule.
*175 The workers’ compensation regulations state that the “medical fee schedule is applicable to medical, physical therapy and occupational therapy services . . . Sections containing rates for medicine, physical medicine, anesthesia, surgery, radiology, pathology and laboratory, and evaluation and management services are included.” (12 NYCRR 329.1.) In other words, the entire volume is open to use by various medical professionals (including, for example, physician assistants and nurse practitioners), as well as physical and occupational therapists. Physical therapists are not limited to any one section. The introduction to the medical fee schedule volume explains that “[t]he schedule is divided into sections for structural purposes only. Physicians are to use the sections that contain the procedures they perform, or the services they render.” (See Official New York Workers’ Compensation Medical Fee Schedule, Introduction and General Guidelines, at 1.) Clearly, the division of medical services into different sections is not to establish who can bill for a particular service but to organize those services in a logical format so that providers can easily locate the information they need.
With this in mind, the court turns to the merits of defendant’s denials. Since the parties stipulated to plaintiff’s prima facie case, it was defendant’s burden to come forward with “competent evidentiary proof” supporting its fee schedule defenses. (See Continental Med., P.C. v Travelers Indem. Co., 11 Misc 3d 145[A], 2006 NY Slip Op 50841[U] [App Term, 1st Dept 2006]; see also Jamil M. Abraham M.D. P.C. v Country-Wide Ins. Co., 3 Misc 3d 130[A], 2004 NY Slip Op 50388[U], *2 [App Term, 2d & 11th Jud Dists 2004]; Power Acupuncture P.C. v State Farm Mut. Auto. Ins. Co., 11 Misc 3d 1065[A], 2006 NY Slip Op 50393[U], *4-5 [Civ Ct, Kings County 2006].) This defendant has not done.
The court first addresses the denials that were based on the first sentence of denial code 129, to wit, “This procedure is not listed in the NY state fee schedule for this provider specialty.” On its face, this denial makes no sense: Unlike for chiropractors, podiatrists, and psychologists, there is no fee schedule specifically designated for physical therapists. Just because most of the services physical therapists provide are included in the physical medicine section does not make that section a physical therapy fee schedule.
Even if this court were to make the leap defendant does and assume that the physical medicine section is the equivalent of a *176 physical therapist’s fee schedule, defendant has still failed to establish that its defense has any merit. Defendant argues that it was improper for plaintiff to use CPT codes contained in the medicine section of the fee schedule. This argument is based on the assumption that the medicine section is for use by physicians only. As explained above, however, the medical fee schedule — with all seven of its component sections — applies to a host of practitioners, including physical therapists. There is simply no bar to a physical therapist using a code from the medicine section where the services performed are found there instead of in the physical medicine section. That is precisely what happened here.
There are no CPT codes in the physical medicine section directly corresponding to the range of motion and muscle testing plaintiff performed. In contrast, there are CPT codes for those services in the medicine section. Specifically, code 95831 is for “[m]uscle testing, manual (separate procedure); extremity (excluding hand) or trunk, with report” (Official New York Workers’ Compensation Medical Fee Schedule at 299) while code 95851 is for “[r]ange of motion measurements and report (separate procedure); each extremity (excluding hand) or each trunk section (spine)” (at 299). Plaintiff opted to use those codes;[1] defendant argues that plaintiff should have stayed within the physical medicine section and used one of two codes contained therein: code 97750 (“Physical performance test or measurement [e.g., musculoskeletal, functional capacity], with written report, each 15 minutes” [at 311]), or code 97799 (“Unlisted physical medicine/rehabilitation service or procedure,” with a relative value to be established “By Report” submitted by the provider [at 311]). Certainly, plaintiff could have used one of these codes. But since the exact services rendered by plaintiff *177 appear in the medicine section, plaintiff chose to use those codes instead.
Defendant’s counsel has identified no law — and this court has found none — holding that a physical therapist cannot bill under the medicine section of the medical fee schedule. This court’s plain reading of the Official New York Workers’ Compensation Medical Fee Schedule and the relevant regulations lead it to conclude that a physical therapist is permitted to use CPT codes found in any section, including the medicine section. In Introna v Allstate Ins. Co. (890 F Supp 161, 165-166 [ED NY 1995], affd 99 F3d 402 [1995]), discussed by both parties herein, the court permitted the plaintiff, a chiropractor, to use codes outside of the chiropractic fee schedule — even though there exists a separate fee schedule designated exclusively for providers of chiropractic. The court need not go that far here, as physical therapists are included within the purview of the medical fee schedule which includes both the medicine and physical medicine sections. Therefore, physical therapists may use a code from the medicine section to bill for a service not specifically listed in the physical medicine section.
The court further notes that defendant’s defense that plaintiffs use of codes was improper is belied by the fact that defendant paid for an office visit (Oct. 2, 2002) for assignor Tamara Reynolds which was billed under CPT code 99211 — a code which does not appear in the physical medicine section but rather in the evaluation and management section.[2] Defendant offered no explanation as to why it is willing sometimes to accept and pay a physical therapist using a code outside the physical medicine section and at other times objects to the code and rejects the bills.
The court now addresses the other charges in dispute, namely, the range of motion and muscle testing for which payment was denied on the basis that such testing cannot be billed separately from evaluation and management.[3] Having carefully considered the parties’ briefs, the court determines that this defense raises an issue of fact rather than an issue *178 of law, and defendant has not set forth any facts in admissible form to support its argument. Defendant’s counsel is not competent to opine on whether range of motion and muscle testing is generally included in an office evaluation by a physical therapist. Defendant opted not to commission a peer review and move thereupon for summary judgment, or to proceed to a live trial at which it could present witnesses and evidence. Instead, counsel proceeded only on briefs. In the absence of any testimony by a competent medical professional, this court cannot determine whether plaintiff’s charges were medically appropriate. Since it was defendant’s burden to make out its defense, the court finds that defendant has failed to carry its burden.
The court notes that even if defendant were correct that the defense turns on a question of law, defendant has not shown any basis in law to support its defense. While defendant points out that certain fees for chiropractic treatment are included in evaluation and management sessions under the chiropractic fee schedule, it identifies no such rule in the medical fee schedule which is at issue here.
For the foregoing reasons, the court finds that plaintiff is entitled to judgment for the disputed amounts. Accordingly, the court awards judgment as follows:
Under Index Number 46885/05:
a) For assignor David Cardoza, $968.88 ($317.84 stipulated amount plus $651.04 awarded herein) plus statutory interest, costs, and attorney’s fees.
b) For assignor Ayodele Sunmola, $1,453.32 ($476.76 stipulated amount plus $976.56 awarded herein) plus statutory interest, costs, and attorney’s fees.
Under Index Number 47943/05:
a) For assignor Avis Brown, $484.44 ($158.92 stipulated amount plus $325.52 awarded herein) plus statutory interest, costs, and attorney’s fees.
b) For assignor Tamara Reynolds, $577.84 plus statutory interest, costs, and attorney’s fees.
c) For assignor Issa Vincent, $968.88 ($158.92 and $484.44 stipulated amounts plus $325.52 awarded herein) plus statutory interest, costs, and attorney’s fees.
*179 Under Index Number 47945/05:
a) For assignor Orlando Simpson, $484.44 ($158.92 stipulated amount plus $325.52 awarded herein) plus statutory interest, costs, and attorney’s fees.
b) For assignor Pierre Durisile, $495 plus statutory interest, costs, and attorney’s fees.
c) For assignor Rhonda Moore, $539.52 plus statutory interest, costs, and attorney’s fees.
Accordingly, plaintiff is awarded judgment against defendant in the amounts set forth above.

. Plaintiff did not, however, bill at the physician’s rates for its services. Rather, plaintiff asserts that it multiplied the “relative value” for the services as listed on the medicine fee schedule by the conversion factor for physical therapists. (See Introna v Allstate Ins. Co., 890 F Supp 161, 164 [ED NY 1995], affd 99 F3d 402 [1995] [“Conversion factors are provider- and procedure-specific; that is, they apply only to the category of health care provider and type of treatment for which they were established”].) Thus, the charges assessed by plaintiff were lower than what a physician would have charged for the same services. Clearly, plaintiff was not trying to obtain a windfall by billing under the medicine section; it was not billing as a doctor; it was just using the code. In any event, defendant does not object to the amounts charged, only to the codes used.

. In its brief, plaintiff contends that defendant also paid for an office visit under code 99211 for assignor Rhonda Moore. However, neither defendant’s denials nor the parties’ stipulated facts supports this contention.

. It appears that these denials are based upon the second sentence of code 129: “If reported with an evaluation and management service, this procedure is inclusive.”